## Commonwealth *v.* Morris, Appellant.

Submitted November 24, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*T. A. Doherty* and *E. P. Little,* District Attorney, for appellant.

*John M. Kelly* and *G. J. Clark,* for appellee.

PER CURIAM, January 5, 1931:

George Morris, upon conviction, was sentenced by the Court of Quarter Sessions of Susquehanna County "to pay costs of prosecution and a fine of $100 and stand committed until this sentence is complied with" on an indictment averring that he "unlawfully, fraudulently and wilfully did remove three carloads of ties and a quantity of mine props altogether of the value of three hundred......dollars, the......property of G. M. Darrow, out of the County of Susquehanna, with the intent then and there to prevent the property aforesaid from being sold by virtue of an execution at the suit of W. A. Harrington v. George E. Morris, after levy had been made thereon, he the said George E. Morris then and there well knowing the goods to have been levied upon by G. M. Darrow, high sheriff of Susquehanna County, contrary to the form of the Act of the General Assembly in such case made and provided." On appeal to

the Superior Court, the sole question raised was the sufficiency of the indictment under the Act of April 22, 1903, P. L. 242, which is also the only question involved on the appeal now before us. The act in question provides that "Any person who shall remove any of his or her property, or the property of any other person...... out of any county, with intent to prevent the same from being levied upon by virtue of any execution, or to prevent the said property from being sold by virtue of any said execution after levy has been made thereon......, on conviction thereof, shall be guilty of a misdemeanor and be sentenced to pay a sum not exceeding the value of the property or effects so......removed......and undergo an imprisonment not exceeding one year."

On appeal to the Superior Court, the judgment of the lower court was reversed and the record directed to be remanded for further proceedings, the court being of opinion the indictment was defective in that it charged removal of the property of the sheriff rather than that of defendant, and should for this reason have been quashed by the trial court. In that conclusion, we are of opinion the court was in error.

The indictment definitely charged defendant with removing property beyond the limits of the county after having been levied on by the sheriff, of which he, defendant, had notice, for the purpose of preventing its sale on execution; that the property was in possession of the sheriff is immaterial, and, no matter whether in the hands of the law officer or of defendant, the substantial offense for which the latter is chargeable is the removal of the property out of the county to prevent its being sold by virtue of an execution after levy by the sheriff. If property is in possession of the sheriff under a writ of execution, any person who removes it from his custody, no matter whether owner or stranger, with intent to avoid a sale, violates the provisions of the statute, and is liable to the penalties therein provided.

142

The judgment of the Superior Court is reversed, the judgment and sentence of the Court of Quarter Sessions of Susquehanna County is reinstated, and the record is remitted that the sentence shall be carried out.